# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID L. SPENCER, | * | |
| Claimant, | * | |
| v. | * | Civil Case No. CCB-17-1096 |
| NANCY A. BERRYHILL, | * | |
| Deputy Commissioner of Social Security,[1] | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATIONS

David L. Spencer filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,270.00, plus costs in the amount of $500.00. [ECF No. 17]. Subsequently, the parties agreed on a reduction of the fee request to $5,000.00, plus $400.00 in costs. [ECF No. 19]. Because Mr. Spencer did not consent to a magistrate judge for all proceedings, his request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). For the reasons set forth below, I recommend that the agreed amount of attorney's fees and costs be GRANTED.

## I. BACKGROUND

Mr. Spencer filed an application for Disability Insurance Benefits. [ECF No. 1]. Subsequent to a denial of benefits through the administrative appeals process, on April 20, 2017, Mr. Spencer petitioned this Court to review the Social Security Administration's ("SSA's") decision to deny his claim. *Id.* After Mr. Spencer filed a motion for summary judgment, (ECF

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

No. 14), the SSA submitted a consent motion to remand Mr. Spencer's claims to the Agency under sentence four of 42 U.S.C. § 405(g), (ECF No. 15). United States District Judge Catherine C. Blake granted the consent remand on December 22, 2017. [ECF No. 16].

On March 22, 2018, Mr. Spencer timely filed the instant motion for attorney's fees under the EAJA. (ECF No. 17). His attorney, David F. Chermol, Esq., who appears in this court *pro hac vice,* has submitted an itemized billing statement suggesting that he is entitled to $6,270.00 for 33.0 hours of work at an EAJA rate of $190.00 per hour. *Id.*

## II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment, which is defined as commencing after the time for appeal has run. *Id*.

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the district court is

accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

In this case, Mr. Chermol's bill includes some minimal time billed for administrative tasks, such as setting "tickles" and checking on filings and service. [ECF 17-1 at 2-3]. Those items are not properly billed. *See, e.g.*, *Al Daniel v. Colvin*, Civil Case No. SAG-11-1318, 2015 WL 1125542 (D. Md. Mar. 11, 2015) (eliminating 4.3 hours from the bill for administrative tasks performed); *Emory v. Colvin*, Civil Case No. SAG-11-381, 2014 WL 4388287 (D. Md. Sept. 4, 2014) (noting that the bill contained 3.8 hours of largely administrative tasks); *King v. Colvin*, Civil Case No. SAG-08-2382, 2014 WL 4388381 (D. Md. Sept. 4, 2014) (noting that bill included 4.2 hours of time simply for receiving and reviewing consent motions for extension of time, and another significant amount of clerical work). "Tasks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). However, the parties' agreed reduction in the amount billed to $5,000.00 adequately compensates for the improperly billed entries. With those adjustments, and with a voluntary reduction from 41.7 to 33.0 hours, the amount of time spent on the matter is commensurate with time spent by other counsel in cases in a similar procedural posture, and the rate is also appropriate. The reduced amount of costs sought will

compensate Mr. Spencer for his filing fee, but not for the cost of his counsel's admission *pro hac vice*.

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Mr. Spencer's motion for attorney's fees, and award him $5,000.00 in fees and $400.00 in costs under the EAJA. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### III. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 7, 2018                                /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge